HARRISON GAVIN LONG, ESQ., SBN 204034
**LAW OFFICES OF HARRISON GAVIN LONG**
The Waterfront
2901 West Coast Hwy.
Suite 200
Newport Beach, CA 92663
Telephone: 949-263-5990
Facsimile: 949-263-5994

Attorney for Plaintiff, SHERRI M. KOZY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| SHERRI M. KOZY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>Defendants. | Case No.: 09-CV-00621-OWW-GSA<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT<br><br>Date: November 2nd, 2009<br>Time: 10:00am<br>Department: 3 |

COMES NOW, Plaintiff, SHERRI M. KOZY, who hereby opposes Defendant's Motion to Dismiss the First Amended Complaint:

///

///

I.   **INTRODUCTION**

This case arises from several acts of fraud and forgery committed by Defendant, Countrywide Home Loans ("CHL") with respect to plaintiff's mortgage loans, which CHL began to serve after May, 2005. On or about, June of 2004, plaintiff purchased certain real property to develop 9 residential lots.

On or about, May of 2005, plaintiff decided to refinance her loan with her personal residence.  The loan was originated by American First Real Estate Services ("First American"), which has gone out of business.  The loan was supposed to be for $415,000, but when plaintiff received the loan documents, the loan was for only $309,000.00. At this time, plaintiff's credit score was 800, which qualified her for an A-paper loan.

Some time after May, 2005, Defendant CHL began servicing the subject loans.

Upon making her first payment and reviewing her first statement from CHL, it showed that over $700 was applied directly towards the principle.  As such, plaintiff did in fact believe she got a great loan as promised, so she set her payments up on automatic payment.

After one year, plaintiff received her second loan from CHL for $115,000,00.

On or about July, 2006, HSBC sent plaintiff documents that referred to the CHL loan as well as their loan, and some documents plaintiff had never seen or signed, which were prepayment penalty documents, adjustable rate note and adjustable rate rider.

On or about November, 2007, HSBC advised plaintiff in writing that she had been a victim of fraud by CHL, and HSBC notified the credit reporting agencies to remove any blemishes to plaintiff's credit.

In April of 2007, CHL filed a notice of default. However, on or about May, 2007, plaintiff spoke with an attorney from CHL who agreed that the loan was not right and unenforceable due to numerous violations of State and Federal laws.

As such, on December 28th, 2008, Plaintiff filed the present lawsuit for fraud, Truth in Lending Act Violations and unfair business practices.

## II.  SUMMARY OF DEFENDANT'S ARGUMENT TO SUPPORT THEIR MOTION TO DISMISS

The basis for Defendant's motion to dismiss is the statute of limitations.

Defendant is incorrectly asserting that the statute of limitations began to run in May, 2005 when plaintiff obtained one of the subject loans.

Plaintiff clearly alleges in the complaint that certain documents were forged and added to her loan documents, which she did not discover until July of 2006. *(Paragraphs 12 and 22 of the First Amended Complaint).*

As such, plaintiff's causes of action for fraud and unfair business practices pursuant to California Business and Professions Code section 17200 are well within the statutes of limitations.

## III.  APPLICABLE LAW FOR A MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12 (b)(6)

In reviewing such a motion, the court will "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs," Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002), and will hold a dismissal inappropriate unless the plaintiffs' complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). If the district court dismisses the complaint without leave to amend, such prejudicial dismissal is reviewed for abuse of discretion, see Gompper, 298 F.3d at 898, and "is improper

unless it is clear that the complaint could not be saved by any amendment." Livid Holdings, 416 F. 3d at 946.

### IV. PLAINTIFF HAS TIMELY FILED HER FRAUD CLAIM AND PLED IT WITH SUFFICIENT PARTICULARITY

The statute of limitations for fraud is three years from the date of discovery of the fraud. California Code of Civil Procedure section 338(d).

Here, plaintiff did not discover the fraud until July, 2006 *(Paragraphs 12 and 22 of the First Amended Complaint)*.

Plaintiff filed the present complaint on December 28th, 2008, which is within the statute of limitations.

Moreover, plaintiff has filed her fraud claim with sufficient particularity.

The elements of a cause of action for fraud in California are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (Cal. 1997).

Here, plaintiff has clearly alleged that defendants concealed/ slash suppressed the fact that they added documents to her loan file, which, unbeknownst to her, increased here payment that was set for automatic payment. (*See paragraphs 22 and 23 of the First Amended Complaint*).

Plaintiff adequately alleges Defendant had knowledge of the fraud with the intent to defraud at paragraph 24:

"Defendant CHL concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as alleged herein. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts alleged herein and would not have taken the action if plaintiff had known the

facts by continuing to perform under the terms of the loan contracts and would have taken steps to protect herself from the fraudulent and unlawful conduct of Defendants CHL as alleged herein."

On paragraphs 25 and 26, plaintiff sufficiently alleges justifiable reliance and damages:

"In justifiable reliance upon Defendant CHL conduct, Plaintiff continued to perform under said loan contracts and refrain from taking steps to protect herself from the fraudulent and unlawful conduct of Defendants CHL as alleged herein.
As a result of Defendants' fraudulent and unlawful conduct as alleged herein, Plaintiff has suffered past and future special damages in an amount according to proof."

## V.   PLAINTIFF HAS PROPERLY PLED AND TIMELY FILED HER VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 CLAIM

The statute of limitation to bring a cause of action for a B & P 17200 violation is four years, B & P 17208.

Here, plaintiff did not discover Defendant's fraudulent conduct until July, 2006, and plaintiff filed this action on December 28th, 2008. As such, this claim was timely made.

California Business and Professions Code section 17200 provides:

As used in this chapter, unfair competition shall mean and
include any unlawful, unfair or fraudulent business act or practice
and unfair, deceptive, untrue or misleading advertising and any act
prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of
Division 7 of the Business and Professions Code.

Here, at paragraphs 37, 38 and 39, plaintiff has clearly and properly alleged a violation of B & P 17200:

As set forth in paragraphs 22 A & B, the following acts alleged therein constitute unfair business practices by defendants against plaintiff in violation of California Business & Professions Code § 17200, et seq. .
Any person acting for him or herself has standing to file suit under Business & Professions Code section 17200. Any person whether or not injured by the practice, may sue under the statute for injunctive relief, equitable relief, or remedial practices, restitution, and punitive damages.
The conduct of Defendants CHL and DOES 1 through 10, inclusive, and each of them constitute fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, and said defendants have violated California Business and Professions Code §17200, et seq., by

consummating an unlawful, unfair, and fraudulent business practices, designed to deprive plaintiff of her residence and collect unfair and improper loan principle and interest payments from her relating to the subject loans.

As a direct and proximate result of defendants wrongful acts, defendants were unjustly enriched and plaintiff seeks to disgorge defendants' profits.

### VI. CONCLUSION

Based on the forgoing, Plaintiff requests that Defendant's Motion to Dismiss the fraud and Business and Professions Code section 17200 causes of action be denied in that they have been timely brought and plead with the requisite particularity. Otherwise, plaintiff requests leave to amend to correct any deficiencies in the complaint.

October 16th, 2009        LAW OFFICES OF HARRISON GAVIN LONG

By: /S/ Harrison Gavin Long
Harrison Gavin Long, Attorney for Plaintiff, Sherri M. Kozy

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within action; my business address in 2901 West Coast Highway, Suite 200, Newport Beach, CA 92663. I declare that I am employed in the office of a member of the Bar of this Court at whose direction was made.

On October 16th, 2009, I served the Plaintiff's Opposition to Defendant's Motion to Dismiss in the Kozy v. Countrywide Home Loans, Inc., as follows:

Brian Recor, Esq.
Bryan Cave, LLP
120 Broadway, Suite 300
Santa Monica, CA 90401

( ) BY U.S. MAIL

( ) Personal Service

( ) Facsimile: 310-576-2200

( XX ) Electronic Mail – brian.recor@bryancave.com

I am readily familiar with the firm's practice of collection and processing of correspondence for mail.  It is deposited with the U.S. Postal Service in that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

October 16th, 2009 at Newport Beach, California

/S/ Rebekah Baptiste
Rebekah Baptiste